Martínez, Demandante y Apelado, *v.* Cestero et al.,
Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Distrito Segundo, en pleito sobre rectificación de inscripción y cobro de dinero.

No. 2886.—Resuelto en mayo 22, 1923.

Cortes—Alegaciones—Contrademanda—Discreción Judicial.—Para que pueda revocarse una sentencia por haber negado el juez el archivo de una contrademanda presentada al comenzar la celebración del juicio, sería necesario demostrar que el juez había abusado de su discreción, y no habiéndolo hecho así los apelantes, procede la confirmación de la sentencia apelada no impugnada además en cuanto a sus propios méritos.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Guerra Mondragón & Soldevila.*

Abogado del apelado: *Sr. Juan de Guzmán Benítez.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Dueños Rafael y Dolores Gutierrez de una finca rústica situada en Pueblo Viejo, Bayamón, la vendieron a Francisco Robledo por la suma de cuarenta mil novecientos sesenta dólares, pagaderos al cabo de veinte años, satisfaciendo entre tanto el comprador tres mil dólares anuales de intereses. El precio aplazado quedó garantido con hipoteca sobre la finca vendida. Murió el vendedor Rafael y le sucedieron su esposa, sus seis hijos legítimos y tres hijos naturales, distribuyéndose entre ellos la parte del crédito hipotecario que correspondía a su causante. Así las cosas, habiendo surgido ciertas diferencias, la vendedora Dolores demandó a los herederos de Rafael, terminando el pleito por sentencia que declaró que en el total del crédito correspondía a la demandante $8,533 que devengaban $52.081½ de interés mensual. Esto representaba una diferencia de $918.05 a favor de la demandante, que hubo que disminuir proporcionalmente de las adjudicaciones hechas anteriormente a la viuda

y a los hijos de Rafael. También se condenó a los deman
dados a satisfacer a la demandante ciertas otras sumas de
dinero y para cobrarlas embargó la participación en el cré-
dito correspondiente a la viuda. No comparecieron posto-
res a la subasta y la participación fué ·adjudicada a la de-
mandante. Luego la demandante traspasó el aumento de
$918.05 y la nueva participación que se le adjudicara a Juan
de Guzmán y éste a su vez a Manuel Martínez, el deman-
dante en el pleito en que se interpuso el recurso de que es-
tamos conociendo, pleito iniciado con el propósito de rea-
justar lo que a cada uno de los condueños correspondía lle-
vando nota de dicho reajuste al registro de la propiedad y
así lograr que el comprador pagara los intereses que había
cesado de satisfacer bajo la base de que no sabía a quienes
entregarlos con toda exactitud.

.Los demandados comparecieron por grupos. Formula-
ron excepciones y luego contestaron. Finalmente se señaló
el 8 de febrero de 1922 para la vista y antes de que comen·
zara a celebrarse, los demandados herederos de Rafael Gu-
tierrez pidieron a la corte les permitiera archivar una contra
demanda. Eso no obstante el juicio se celebró anunciando
las partes estar listas. La cuestión de si procedía o no ad-
mitir la contrademanda fué sometida por alegatos. El 22
de marzo de 1922 la corte resolvió que la contrademanda no
debía ser admitida, y el 5 de julio del propio año dictó la
sentencia apelada declarando la demanda con lugar.

Sólo se ha señalado un error en el alegato del apelante,
el cometido, a su juicio, por la corte al negar el permiso so-
licitado para archivar la contrademanda.

Estamos conformes con los apelantes en .que pueden
traerse nuevas partes al pleito mediante contrademanda, si
su presencia es necesaria para la completa determinación de
los derechos de las partes ya ante la corte respecto a la pro-.
piedad en litigio entre ellas (*Lewis* v. *Fox,* 122 Cal. 244;
*Goodell* v. *Verdugo Cañon Water Co.,* 138, Cal. 308, 317) y

también estamos conformes en que los hechos alegados en la reconvención guardan relación por lo menos con una parte de las transacciones en que se basa el litigio.

Quizá la corte pudo, no obstante lo avanzado del procedimiento, conceder el permiso solicitado, pero ¿puede sostenerse que al negarlo abusara de su poder discrecional? Esta es la verdadera cuestión que debe investigarse.

La parte apelada analiza extensamente en su alegato los hechos en que se basa la contra-demanda y sostiene que no aducen una buena causa de acción. La parte apelante se limita a citar jurisprudencia con la cual ya hemos dicho que estamos conformes y a fijar la relación que existe entre lo alegado en la contra-demanda y en la demanda origen del litigio. Nada argumenta en relación con los méritos de la contra-demanda considerada en sí misma.

No entraremos a analizar y a resolver si la contra-demanda aduce o no una buena causa de acción, porque sería prejuzgar la cuestión envuelta, pero la verdad es que dada la tendencia y objeto del pleito, los hechos alegados en la contra-demanda y la actitud de la propia parte apelante, no nos sentimos inclinados a revocar la sentencia recurrida aparentemente justa, no atacada en lo más mínimo en cuanto a ella misma por la parte que interpuso este recurso quien además, en el caso de que le asistiera la razón, puede hacerla valer iniciando el pleito correspondiente.

No habiéndose demostrado abuso de discreción por parte de la corte al no permitir el archivo de la contrademanda y no habiendo sido impugnada en sí misma la sentencia apelada, procede su confirmación.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.